FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WADE LAY,

      Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; MAURICE
WARRIOR,* Warden; KEITH
SHERWOOD; OKLAHOMA STATE
PENITENTIARY,

      Defendants - Appellees.

No. 15-7023
(D.C. No. 6:13-CV-00481-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[†]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

State prisoner Wade Lay appeals from the dismissal of his pro se § 1983 claim

as frivolous under 28 U.S.C. § 1915.  Exercising jurisdiction under 28 U.S.C. § 1291,

_____

    * Under Fed. R. App. P. 43(c)(2), Deputy Maurice Warrior is substituted for
Anita Trammell as Interim Warden of the Oklahoma State Penitentiary, effective
October 28, 2015.

    [†] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we vacate the district court's dismissal order and remand for further consideration consistent with this order and judgment.

On October 24, 2013, Mr. Lay, a death-sentenced inmate incarcerated at the Oklahoma State Penitentiary (OSP) and in the custody of the Oklahoma Department of Corrections (DOC), brought a civil rights action under 42 U.S.C. § 1983 against the DOC, OSP Warden Anita Trammell, OSP Case Manager Keith Sherwood, and the OSP.[1] Complaint, *Lay v. Okla. Dep't of Corr.*, No. 6:13-CV-00481-RAW-SPS (E.D. Okla. Oct. 24, 2013), ECF No. 1. The court entered a minute order that same day, stating Mr. Lay had failed to submit a proper civil rights complaint on a form approved for use in the Eastern District of Oklahoma and directing him to file an amended complaint on that form. ECF No. 4.

On November 13, 2013, Mr. Lay filed a 53-page amended complaint. ECF No. 12. On November 18, 2013, the court struck the amended complaint based on Mr. Lay's failure to comply with (1) the court's order directing him to submit an amended complaint on the correct form, and (2) Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* ECF No. 16.

On December 3, 2013, Mr. Lay filed an 11-page second amended complaint. ECF No. 18. Although the allegations of the amended complaint and the second amended complaint overlap in significant part, they also include substantive

---

[1] Mr. Lay also brought this action against D. Orman. He then voluntarily dismissed Mr. Orman as a defendant on November 13, 2013.

differences.  Defendants moved to dismiss the second amended complaint or, alternatively, for summary judgment.  ECF No. 40.

On March 16, 2015, the court dismissed the *amended complaint*, *ECF No. 12*, as frivolous.  ECF No. 89.  References in the court's order to the amended complaint, as opposed to the second amended complaint, show this is not a matter of clerical error.  By dismissing the previously stricken amended complaint, the district court dismissed an inoperative pleading.  Mr. Lay points this out in his motion to vacate judgment, filed on November 27, 2015.  We therefore grant the motion on this ground, vacate the district court's dismissal order, ECF No. 89, and remand for consideration of Mr. Lay's *second amended complaint*, *ECF No. 18*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

3